\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BOMIN BUNER OIL PTE. LTD., | § § | |
| *Plaintiff,* | § § | Civil Action No. 1-13-cv-362 |
| v. | § § | JUDGE RON CLARK |
| M/V STX ARBORELLA, its engines, tackle and apparel in rem, STX CORPORATION in personam, and The MASTER OF THE M/V STX ARBORELLA | § § § § § § | |
| *Defendants*. | | |

## ORDER ON MOTION FOR ISSUANCE OF WRIT OF ARREST AND WRIT OF GARNISHMENT AND ATTACHMENT

Before the court is Plaintiff Bomin Bunker Oil Pte. Ltd's Motion for Warrant of arrest of vessel and for writs of maritime attachment for seizure of bunkers and property [Doc. # 2]. The court, having reviewed the verified Original Complaint and documentation provided by Plaintiff, and having determined that the conditions for an action appear to exist in compliance with Supplemental Admiralty Rules B and C, finds that Plaintiff's motion should be GRANTED IN PART. The court will grant Plaintiff's request for arrest of the vessel and property aboard the vessel, however, Plaintiff's request for garnishment of accounts held by the vessel's local husbanding agent is DENIED for failure to show Plaintiff exercised due diligence in finding and serving the Defendant. *See* Supplemental Admiralty Rule B(1)(b); *see also Bay Casino, LLC v. M/V Royal Empress*, 20 F.Supp.2d 440, 452 (E.D.N.Y. 1998).[1]

---

[1] Accordingly, Plaintiff's motion for appointment for service for writ of maritime garnishment [Doc. # 4] is DENIED.

IT IS THEREFORE ORDERED that a Writ of Arrest be issued against the M/V STX ARBORELLA, its engine, tackles, apparel, furniture, appurtenances, and bunkers (hereinafter "Vessel").  A copy of this Order shall be attached to and served with said Writ of Arrest and also served upon the Vessel's owner or agent. Anyone interfering with the execution of this Order is subject to arrest by the United States Marshal. The United States Marshal is authorized to take all necessary steps using whatever force necessary, including breaking open, entering, and searching for the Vessel.

IT IS FURTHER ORDERED that any person claiming a right of possession or any ownership interest in the Vessel arrested pursuant to this Order, with the exception of the Vessel's owner, shall, in accordance with Supplemental Admiralty Rule C(6) of the Federal Rules of Civil Procedure, file a verified statement of right or interest with the Clerk of the Court and an answer, and shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the arrest should not be vacated or other relief granted

IT IS FURTHER ORDERED that pursuant to 46 U.S.C. § 31325, notice be given to any person who has duly recorded a notice of claim of an undischarged lien upon the Vessel by delivering to such person or mailing to the last known address of such person, a copy of the Complaint and the Warrants of Maritime Arrest issued by the Court herein.

IT IS FURTHER ORDERED that maritime lienors or other persons making a claim against the Vessel in accordance with Supplemental Admiralty Rule C(6) of the Federal Rules of Civil Procedure, must file applications for intervention within thirty (30) days after publication of the Notice of Arrest and Filing of Action.

IT IS FURTHER ORDERED that the United States Marshal is to take custody of the Vessel,

currently located at the Port of Port Arthur.

IT IS FURTHER ORDERED that the United States Marshal is authorized to allow normal operations, including conduct of repair works and shifting its anchorage within the jurisdiction of this court. The Marshal shall be held harmless from any and all claims arising whatsoever out of said shifting of anchorages of the Vessel.

IT IS FURTHER ORDERED that the Vessel may be released from seizure without further order of this court, if the Marshal receives written authorization from the attorney who requested the seizure, and that such attorney advises that he has conferred with all counsel representing all of the parties to the litigation and they consent to the release, if the attorney files the consent and the court has not entered an Order to the contrary.

IT IS FURTHER ORDERED that the United States Marshal is released of all liability and is to be held harmless for any and all claims or causes of action arising out of said arrests. Plaintiff shall hold harmless and indemnify the United States Marshal from any and all liability that shall arise from the possession and safekeeping of the vessels, and the Marshal shall not be liable for any loss occurring while the vessels remain in its custody.

IT IS FURTHER ORDERED that notice of the arrest, in the form filed with the Court, shall be published in *The Beaumont Enterprise*, and a copy of the notice shall be filed with the Clerk as it was published.

So **ORDERED** and **SIGNED** this **6** day of **June, 2013.**

_____
Ron Clark, United States District Judge